PATRICK MONAGHAN *vs.* THOMAS S. LEWIS, Receiver of Taxes for the Northern District of the City of Wilmington.

*Case Stated—City of Wilmington—Taxes—Rate on Certain Lands Two Acts—Repeal of First Act—One Inconsistent with the Other.*

1. The Act of March 22, 1897 (*Chap. 555, Vol. 20, Laws of Del., 660*), which fixes the taxes on certain lands in the City of Wilmington at one-fourth the regular rate for any year, is repealed by the subsequent Act of May 20, 1898 (*Chap. 106, Vol. 21, Laws of Del., 244*), to the extent that the two acts are inconsistent. The latter act fixes the lowest rate of taxes for any one year at one-half the regular rate. In that respect, therefore, the two acts are inconsistent.

*(June 9, 1903.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert Penington* for plaintiff.

*David J. Reinhardt,* City Solicitor, for defendant.

Superior Court, New Castle County, May Term, 1903.

CASE STATED (No. 81, May Term, 1902).

LORE, C. J.:—From the case stated it appears that, by the Act of the General Assembly of March 22, 1897 (*Chap. 555, Vol. 20, Laws of Del., 669*), it was provided, that all that part of the City of Wilmington between Seventh and Twelfth Streets and Greenhill and Woodlawn Avenues, being unimproved property, should pay for city and school taxes, " a rate not exceeding one-fourth of the regular rate levied on persons and estates in the remaining parts of the said city."

That the plaintiff was the owner of certain real estate within said limits.

That subsequently the act of May 20, 1898, was passed

(*Chap. 106, Vol. 21, Laws of Del., 244*), which was entitled "An Act to Classify Real Estate for the purposes of Taxation, and to Exempt certain Lands from Municipal Taxation within the City of Wilmington."

Under the last act, *all* the real estate of said city, other than marsh land, was classified as "rural or suburban, and built-up portions," and the lowest tax upon any real estate therein was fixed at one-half the highest rate of tax required to be levied on the built-up portions for each year. Section 7 of this act expressly repeals all acts or parts of acts inconsistent with its provisions.

The taxes on the plaintiff's real estate for the year 1899 were rated and collected, under the act of 1898, at one-half the regular tax rate for that year, and for 1900 at the full rate. That the said taxes were paid under protest by the said plaintiff as being illegally exacted, and with the avowed intention to sue for their recovery.

That the excess of taxes paid by the plaintiff over a one-fourth rate for the year 1899 was 45.22, and for the year 1900 was $150.00, aggregating $195.22, which, with interest on each sum from the date of payment, plaintiff claims in this action.

One of the questions raised in the case is, whether the act of 1897 is repealed by the act of 1898.

The act of 1897 fixes the taxes on the lands in question at one-fourth the regular rate for any year. The act of 1898, on the other hand, fixes the lowest rate of taxes thereon for any one year at one-half the regular rate. In this respect, therefore, the two acts are clearly inconsistent, and to that extent the law of 1898 repeals the act of 1897.

As this conclusion disposes of the case, it is unnecessary for us to decide the other questions raised and discussed.

Let judgment be entered for the defendant for costs under the terms of the case stated.